# CHARLES L. FITZHUGH v. STATE
# TAX COMMISSION

Robert L. Miller, District Attorney, Gold Beach, represented plaintiff.

Gerald F. Bartz, Assistant Attorney General, Salem, represented defendant.

Decision for plaintiff rendered November 8, 1967.

EDWARD H. HOWELL, Judge.

The Curry County Assessor filed this appeal from an order of the tax commission holding that certain land owned by United States Plywood Corporation on the Rogue River in Curry County was primarily forest land under ORS 321.620(3)[1] and setting the value

---

[1] At the assessment date involved ORS 321.620(3) provided:
"(3) The true cash value of forest land shall be determined under ORS 308.205, except that so long as the primary use of the area involved remains forest land it shall be valued as such."

ORS 321.620 also provides that young growth timber shall be assessed at 30 percent of its immediate harvest value and old

at $10.00 an acre. The assessment date is January 1, 1964.

The appeal originated when United States Plywood Corporation (hereinafter referred to as U. S. Plywood) appealed to the State Tax Commission from the assessor's valuation of seventeen parcels of land fronting on the Rogue River. The assessor had increased the value on the land over 1963 on the basis of its location on the river. At the commission hearing U. S. Plywood contended that the value of the specific property involved in this appeal was $16,260 rather than $31,060 as found by the assessor, but did not contest the assessor's determination that part of the land involved was nonforest land and ineligible for classification and taxation as primarily forest land under ORS 321.620(3), *supra*.

Although U. S. Plywood did not raise the question of whether the property constituted forest land the commission considered that question should be determined, together with the issue of valuation. The commission found that of the seventeen parcels involved in the appeal some were entirely forest land, some nonforest land and that others consisted of part forest land and the remainder recreational land, the value of which is affected by the amount of river frontage on the Rogue River. The tax commission held that the 19.93 acre tract involved in this appeal was entirely forest land (with the exception of one acre valued as a storage site for gravel which is not involved). The commission ordered that the true cash value be reduced from $31,060 to $200.

growth timber at either 30 or 25 percent of its immediate harvest value. ORS 321.645 requires an additional tax of 70 or 75 percent of the immediate harvest value to be imposed in the year following the harvesting of the timber.

The Curry County Assessor appealed the finding of the commission to this court and contends that four acres of the 19.93 acres are nonforest land and the true cash value placed thereon should be based essentially on its value as river front property. U. S. Plywood did not intervene in the assessor's appeal to this court.

The only issue concerns the classification of the four acres of the subject property which fronts on the Rogue River with the commission contending it is forest land under ORS 321.620(3), *supra,* and the assessor arguing that it should be valued as recreational land fronting on the river. The assessor agrees that the balance of the property is properly classed as forest land.

■ ORS 321.620(3) provides that the forest land shall be valued as forest land "so long as the primary use of the area involved remains forest land." The only other definition of forest land is contained in ORS 321.605(3), which at the time stated:

> "(3) 'Forest land' means land west of the summit of the Cascade Mountains which is not classified as reforestation land under ORS 321.255 to 321.355 and which is not assessed by the State Tax Commission pursuant to ORS 308.505 to 308.990, and which either bears forest growth or is being held or used for forest production. Forest land is the land alone."

The four-acre parcel involved herein is separated by a road from the balance of the 19.93 acres in the tax lot. It is a narrow strip, not over 250 feet wide, lying between the road and the river, with 1350 feet of river frontage. Fishermen park their cars along the road and fish from the bank. It is located between a mile and two miles from the city of Gold Beach.

While there was testimony that the tract contained a small amount of merchantable timber, it appeared to be mostly brush and small trees. U. S. Plywood has not planted nor harvested any trees on this parcel, nor conducted any timber management activities on it. There was testimony also that U. S. Plywood had not cut any timber on any of their lands fronting on the Rogue River. For the past several years they have been purchasing tracts along the Rogue River. Some of these tracts have been traded to the United States Forest Service for timber in areas without river frontage. Other trades are contemplated in the future.

■ Because of the absence of any timber management activity, its proximity to the city of Gold Beach, its accessibility by road and boat, its use for fishing, its small size and separation from the rest of the tax lot, it is concluded that the primary use of the four acres was not forest land within the meaning of the statute.

That part of the order of the tax commission pertaining to tax lot 2292 is set aside and the true cash value of said lot as of January 1, 1964, is set at $31,060.